IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CT-3276-D

REUBEN CURRY,                          )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )          ORDER
                                       )
E. RIGGS, et al.,                      )
                                       )
            Defendants.                )

Reuben Curry ("plaintiff" or "Curry"), a state inmate proceeding pro se filed a complaint

under 42 U.S.C. § 1983, alleging violations of his Fifth, Eighth, and Fourteenth Amendment rights

[D.E. 1, 2, 7]. Curry alleges that on November 16, 2021, defendants Riggs, Smith, and Fonville

assaulted him while defendant Turley "stood by as an onlooker." [D.E. 1] at 5–7. Curry was

"charged with Assault on Staff . . . without proper investigation, with the approval of [defendant]

Captain Stokley." Id. at 5; see also id. at 7. On December 20, 2024, the court reviewed Curry's

complaint under 28 U.S.C. § 1915A and allowed the action to proceed. See [D.E. 8].

Defendants have been served and have answered the complaint. See [D.E. 11, 16, 24, 30,

32]. On June 17, 2025, the court issued a scheduling order setting a deadline for discovery of

September 15, 2025, and a motions deadline of October 15, 2025 [D.E. 34]. On August 28, 2025,

Curry moved for an extension of time to complete discovery [D.E. 38]. On October 15, 2025,

Curry moved to compel production of documents [D.E. 39]. On the same day, defendants moved

for an extension of time to file dispositive motions [D.E. 40]. On October 29, 2025, defendants

filed an untimely motion for extension of time to respond to Curry's motion to compel [D.E. 42].

Case 5:24-ct-03276-D     Document 64     Filed 03/11/26     Page 1 of 6

On November 5, 2025, the court granted the parties' motions for extensions of time [D.E. 38, 40, 42], and provided the parties until December 5, 2025, to complete discovery and until January 5, 2026, to file any further motions [D.E. 44]. The court provided defendants until November 3, 2025, to respond in opposition to Curry's motion to compel. See id. On November 20, 2025, the court denied Curry's motion to compel [D.E. 45].

On January 5, 2026, defendants moved for summary judgment [D.E. 47], moved to seal certain exhibits [D.E. 51], and moved for leave to file a video exhibit [D.E. 52]. On January 12, 2026, Curry moved to reopen discovery and reset the scheduling order [D.E. 55]. On January 13, 2026, Curry moved for leave to file an amended complaint to add Associate Warden Victor Locklear and Lieutenant Al-Kereen Whichard as defendants [D.E. 57]. On January 30, 2026, Curry moved for an extension of time to respond to defendants' motion for summary judgment because defendants withheld discovery from him [D.E. 60]. On January 30, 2026, defendants responded, contested that defendants withheld discovery, and consented to an extension of time [D.E. 62]. On January 30, 2026, the clerk granted in part Curry's motion for an extension of time, and provided him until March 2, 2026, to respond to defendants' motion for summary judgment. On March 3, 2026, plaintiff filed a second motion for an extension of time to respond to defendants' motion for summary judgment [D.E. 63].

Absent authority to amend as a matter of course under Federal Rule of Civil Procedure 15(a)(1), a party may amend his pleadings only with written consent of the opposing party or with leave of court, and such leave should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). But once a court enters a scheduling order under Rule 16 with a deadline concerning amendments to pleadings, and the deadline expires, the process changes.

2

"Given their heavy case loads, district courts require the effective case management tools provided by Rule 16." Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008). A trial court's scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985). "[T]he terms of the [scheduling] order must be firmly and fairly enforced by the district judge if it is to serve the purpose of pretrial management designed 'to secure the just, speedy, and inexpensive determination of every action.'" Barwick v. Celotex Corp., 736 F.2d 946, 954–55 (4th Cir. 1984) (quoting Fed. R. Civ. P. 1).

"[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings." Nourison Rug Corp., 535 F.3d at 298; see Page v. Bragg Communities, LLC, No. 5:20-CV-336, 2023 WL 4166454, at *3 (E.D.N.C. June 23, 2023) (unpublished); Taveney v. Int'l Paper Co., No. 4:19-CV-103, 2022 WL 909403, at *2–3 (E.D.N.C. Mar. 28, 2022) (unpublished); United States v. $297,638.00 in U.S. Currency, No. 4:16-CV-254, 2018 WL 2124088, at *1 (E.D.N.C. May 8, 2018) (unpublished); McMillan v. Cumberland Cnty. Schs., No. 5:14-CV-344, 2016 WL 5660243, at *4 (E.D.N.C. Sept. 29, 2016) (unpublished); Velasquez v. Salsas & Beer Rest., Inc., No. 5:15-CV-146, 2016 WL 3339488, at *2 (E.D.N.C. June 13, 2016) (unpublished); Hexion Specialty Chems., Inc. v. Oak-Bark Corp., No. 7.09-CV-105, 2011 WL 4527382, at *8 (E.D.N.C. Sept. 28, 2011) (unpublished); Farrar & Farrar Dairy, Inc. v. Miller-St. Nazianz, Inc., No. 5:06-CV-160, 2011 WL 1262159, at *1–2 (E.D.N.C. Mar. 31, 2011) (unpublished), aff'd, 477 F. App'x 981 (4th Cir. 2012) (per curiam) (unpublished). "If the party fails to establish 'good cause' under Rule 16, a trial court may deny the motion to amend and need not conduct the inquiry under Rule 15." Hexion Specialty Chems., Inc., 2011 WL 4527382, at *8.

3

Rule 16's "good cause" standard turns on "the timeliness of the amendment and the reasons for its tardy submission; the primary consideration is the diligence of the moving party." Montgomery v. Anne Arundel Cnty., 182 F. App'x 156, 162 (4th Cir. 2006) (per curiam) (unpublished); see Nourison Rug Corp., 535 F.3d at 298; Essential Housing Mgmt., Inc. v. Walker, No. 97-2150, 1998 WL 559349, at *4 (4th Cir. June 9, 1998) (per curiam) (unpublished) (Rule 16 "primarily considers the diligence of the party seeking to amend, rather than simply that party's lack of bad faith or the lack of prejudice to the opposing party"); Hexion Specialty Chems., Inc., 2011 WL 4527382, at *8; Farrar & Farrar Dairy, Inc., 2011 WL 1262159, at *2. Establishing good cause requires the moving party to show that the party could not reasonably have met the deadline despite the party's diligence. See, e.g., Cook v. Howard, 484 F. App'x 805, 815 (4th Cir. 2012) (per curiam) (unpublished); United States v. Godwin, 247 F.R.D. 503, 506 (E.D.N.C. 2007). Where Rule 16(b) applies in addition to Rule 15(a)(2), "the district court's discretion is substantial." Moore v. Equitrans, L.P., 818 F. App'x 212, 218 (4th Cir. 2020) (unpublished); cf. Cahoon v. Edward Orton, Jr. Ceramic Found., No. 2:17-CV-63-D, 2020 WL 918753, at *4–5 (E.D.N.C. Feb. 24, 2020) (unpublished).

Curry has not demonstrated good cause under Rule 16. Moreover, Curry fails to plead a cognizable constitutional claim against the two newly proposed defendants. Specifically, his conclusory allegations that Locklear participated in the excessive force are insufficient to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). Curry's attempt to sue Whichard for an alleged inadequate investigation of the use of force incident also fails to state a claim. See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 196 (1989); Jones v. Solomon, No. 1:18-CV-89, 2018 WL 4905372, at

4

*8 (W.D.N.C. Aug. 16, 2018) (unpublished). Thus, the court denies the motion to amend [D.E. 57].[1]

Because the discovery period has expired, Federal Rule of Civil Procedure Rule 16(b) also governs Curry's motion to reopen the discovery period and to reset the scheduling order. Rule 16(b) permits amendment of a scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); see also Fed. R. Civ. P. 6(b)(1). Curry has failed to show the good cause required to modify the scheduling order. And Curry has not shown that the discovery he now seeks is relevant or "proportional to the needs of the case." Va. Dep't of Corr. v. Jordan, 921 F.3d 180, 188 (4th Cir. 2019) (quotation omitted). Thus, the court denies Curry's motion [D.E. 55].

As for the remainder of Curry's first motion for an extension of time, Curry alleges that he requested the incident report for the November 16, 2021 use of force incident during discovery, but defendants withheld the report. See [D.E. 60] at 3. Defendants respond that Curry did not request the incident report during discovery. See [D.E. 62] at ¶ 8. In any event, defendants attached the incident report to their motion for summary judgment. See [D.E. 49-5]. Curry has the report. Thus, the remainder of Curry's motion for an extension of time is denied.

As for Curry's second motion for an extension of time [D.E. 63], the motion is granted. Curry now has until April 1, 2026, to respond to defendants' motion for summary judgment.

As for defendants' motion to seal, defendants seek to seal an exhibit which contains Curry's medical records. See [D.E. 51]. The court has reviewed the motion under the governing standard.

---

[1] The court grants Curry's request to voluntarily dismiss his claims against defendant Stokley. See Fed. R. Civ. P. 41(a)(2); Howard v. Inova Health Care Servs., 302 F. App'x 166, 178–79 (4th Cir. 2008) (per curiam); S. Bank & Trust Co. v. Laburnum Hotel Partners, LLC, No. 2:13cv216, 2014 WL 3052535, at *5 (E.D. Va. July 3, 2014) (unpublished).

See, e.g., Doe v. Pub. Citizen, 749 F.3d 246, 272–73 (4th Cir. 2014); cf. Local Civ. R. 79.2. The court denies the motion to seal [D.E. 51].

In sum, the court DENIES plaintiff's motion to reopen and reset the scheduling order [D.E. 55], motion for leave to file an amended complaint [D.E. 57], and the remainder of plaintiff's first motion for an extension of time [D.E. 60]. The court GRANTS plaintiff's second motion for an extension of time [D.E. 63], and plaintiff now has until April 1, 2026, to respond to defendants' motion for summary judgment. The court DISMISSES plaintiff's claims against defendant Stokley pursuant to Federal Rule of Civil Procedure 41(a)(2). The court also DENIES defendants' motion to seal [D.E. 51]. The court GRANTS defendants' motion for leave to manually file a digital video exhibit [D.E. 52].

SO ORDERED. This 11 day of March, 2026.

JAMES C. DEVER III
United States District Judge